**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                           **Criminal No. 3:04-CR-57-1
(BAILEY)**

**LUIS PEREZ,**

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR COMPLETION OF SENTENCE UNDER HOME DETENTION FOR EARLY DEPORTATION

On this day, the above-styled matter came before this Court for consideration of the defendant's Motion for Completion of Sentence Under Home Detention for Early Deportation [Doc. 148], filed on March 10, 2011. In the motion, the defendant seeks to serve the remaining six years of his sentence on home confinement.

On June 3, 2005, the defendant pled guilty, pursuant to a written plea agreement, to one count of distribution of cocaine base. The plea agreement stipulated that the total relevant conduct was 10.236 kilograms of cocaine base, 29 kilograms of cocaine hydrochloride, and 3.322 kilograms of heroin. As a result, this Court sentenced the defendant to a 180-month term of incarceration. This Court notes that, based upon the quantity of cocaine base involved, the defendant did not qualify for a sentence reduction under the 2007 crack cocaine amendments. The Fourth Circuit Court of Appeals affirmed that decision.

The defendant now moves this Court to "issue an order granting the defendant legal

1

permanent resident [status] . . . for completion of sentence under home detention title 18 U.S.C. §5f1.2." As that section simply defines the term "United States," this Court will assume the defendant intended to direct this Court to U.S.S.G. § 5F1.2, entitled "Home Detention." The defendant appears to argue that he should be placed on home confinement to make up for his claims that he will not receive a timely half-way house release of 10% of his sentence or six (6) months and his ineligibility for RDAP.

Based upon the defendant's 15-year term of incarceration, even with good credit time, his projected release date is not until September 6, 2017. (See Sentence Monitoring Computation Data; Doc. 148, Att. 1). This Court cannot conceive of any injustice the defendant may incur which would form the basis for an early release for home confinement of nearly six years. At best, this motion is premature.

Under 18 U.S.C. § 3582(c), a Court may not modify a term of imprisonment once it has been imposed except in very narrow circumstances, which this Court does not find applicable in this case. See **United States v. Lenderman**, 88 Fed.Appx. 602 (4th Cir. 2004)(finding no reversible error in the district court's decision denying the defendant's motion for home confinement).

For the foregoing reasons, it is the opinion of this Court that the defendant's Motion for Completion of Sentence Under Home Detention for Early Deportation **[Doc. 148]** should be, and the same is, hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* defendant.

**DATED**: March 14, 2011.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE