IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**LUIS PEREZ,**

      **Petitioner,**

v.                                             **Civil Action No. 3:11cv56**
                                                **Criminal Action No. 3:04cr57**
                                                  **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## REPORT AND RECOMMENDATION

On July 15, 2011, the *pro se* petitioner, Luis Perez, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 3:11-cv-56, ECF No. 1; Criminal Action No. 3:04-cr-57-1, ECF No. 151.) The respondent was not ordered to answer the motion. This mater is pending for initial review and Report and Recommendation pursuant to LR PL P 2.

### I. Factual and Procedural History

**A. Petitioner's Conviction and Sentence**

On November 24, 2004, the petitioner signed a plea agreement by which he agreed to plead guilty to Count Four, distribution of approximately 136.085 grams of cocaine base, also known as crack, in violation of Title 21, United States Code, Section 841 (a)(1). On November 29, 2004, the petitioner entered his plea in open court. After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count Four of the indictment. At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and the elements of the crime were

established beyond a reasonable doubt. On June 3, 2005, the Court sentenced the petitioner to a term of 180 months imprisonment.

**B.　Appeal**

The petitioner did not file a direct appeal.

**C.　Federal Habeas Corpus**

The petitioner filed his first motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255 on August 21, 2006. The motion alleged that his sentence was a breach of the plea agreement and his counsel did not file a direct appeal as requested.

In response, the Government contended that the petitioner's motion was not timely according to the one-year statute of limitations. More specifically, the Government contended that because the Judgment Order was entered on June 28, 2005, and the petitioner did not file his motion until August 21, 2006, the motion was time barred. The Government also contended that the petitioner was not promised a specific sentence at any time. Finally, the Government contended that the petitioner offered no support or evidence for his claim that he requested his counsel to file a direct appeal and he signed a statement indicating that he did not wish to appeal the Court's sentence.

On July 3, 2007, Magistrate Judge James E. Seibert entered a Report and Recommendation recommending that the petitioner's § 2255 motion be denied and dismissed from the docket because the petitioner was time-barred from raising his claim because his petition was filed over one year after his conviction was final. The petitioner failed to file objections, and accordingly, on October 16, 2007, the Court accepted Magistrate Judge Seibert's Report and Recommendation, and consistent with its recommendation, denied the petitioner's Motion Under 28 U.S.C. § 2255 as untimely, and dismissed the same.

The petitioner appealed the denial of his § 2255 motion in the Fourth Circuit Court of

Appeals on October 17, 2007. The Court of Appeals dismissed the petitioner's appeal on April 21, 2008, because it determined that he had not made the requisite showing for a certificate of appealability.

## II. Analysis

A. **Statute of Limitations for Filing a 28 U.S.C. § 2255 Motion**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[1] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). There are two recognized exceptions to this general rule which apply when a federal prisoner seeks direct review of his conviction or sentence. First, if following the disposition of his direct appeal, a federal

---

[1] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003). Here, neither exception applies because the petitioner did not file a direct appeal of his conviction.

For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. See Fed. R. App. P. 4(b)(1)(a)(i). The petitioner's judgment of conviction was entered on June 28, 2005. Therefore, the petitioner's conviction became final on July 8, 2005, the date his time for filing a direct appeal expired. Therefore, he had until July 9, 2006, to file his habeas corpus under AEDPA. Because the petitioner did not file this present § 2255 motion until July 15, 2011, it is even more untimely than his previous § 2255 motion.

**B. Second and Successive § 2255 Motions Prohibited**

Section 2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in § 2255 by a panel of the appropriate court of appeals to contain –

    (1) newly discovered evidence that, if proven and viewed in light of the evidence
    as a whole, would be sufficient to establish by clear and convincing evidence
    that no reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review
    by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). Although the petitioner's first § 2255 motion was dismissed on statute of limitations grounds, such a dismissal is akin to a dismissal on the merits, and thus bars a subsequent motion without leave of the Fourth Circuit. See Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989); see also United States v. Flannery, 45 Fed. Appx. 456, 2002 WL 2020042 (6th Cir. 2002); United States v. Casas, No. 01 C 1848, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001).

The petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive § 2255 motion to this Court.[2] Therefore, pursuant to 28 U.S.C. § 2244 and § 2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under § 2244(b)(3)." See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Consequently, without addressing the merits of the petitioner's claims, the undersigned recommends that the petitioner's § 2255 motion be denied with prejudice as untimely and also for lack of jurisdiction.

---

[2]Pursuant to 28 U.S.C. 2244(b), a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

### III. Recommendation

For the reasons foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING WITH PREJUDICE** the petitioner's motion, dismissing the case from the docket as untimely and also for lack of jurisdiction as a second or successive motion for which the petitioner did not receive the Fourth Circuit Court of Appeals' authorization to file.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED:** November 8, 2011

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE